UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD ROSITO,

    Plaintiff,

v.                                            Case No.: 2:24-cv-599-SPC-KCD

WALMART STORES EAST, LP,

    Defendant.
_____/

# ORDER

Before the Court is Defendant Walmart Stores East, LP's Supplement to Notice of Removal. (Doc. 9). Defendant filed this Supplement in response to the Court's Order directing Defendant to show cause why this action should not be remanded for lack of subject-matter jurisdiction. (Doc. 8).

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted).

Defendant has failed to establish the amount in controversy in this case. In its prior Order, the Court told Defendant that a bare-bones settlement proposal was insufficient to establish the amount in controversy. In its Supplement, Defendant provides a pre-suit demand letter seeking $200,000 (Doc. 9-4) and a proposal for settlement seeking $100,000 (Doc. 9-1). The pre-suit demand letter cites past medical bills in the amount of $47,799, and the proposal for settlement does not contain any supporting documentation.

Defendant tries to fill in the $27,201 gap between $47,799 and $75,000 with Plaintiff's general allegations of "bodily injury, mental and/or psychological disorders, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of

earnings and loss of ability to earn money" and the possibility that Plaintiff may have surgery in the future. (Doc. 9 at 2). The Court is not willing to make this nearly $30,000 inferential leap.

The Court finds that Defendant has not met its burden of establishing this Court's subject-matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 11, 2024.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3